**Peter O. CASTNER, Plaintiff,**

v.

**U.S. DEPARTMENT OF ENERGY, Hazel R. O'Leary, Secretary, and Mark Eissler, Attorney, et al., Defendants.**

Civ. No. 94–1282–FR.

United States District Court,
D. Oregon.

Sept. 18, 1995.

Peter O. Castner, Hillsboro, OR, plaintiff pro se.

Kristine Olson Rogers, United States Attorney, Herbert C. Sundby, Assistant United States Attorney, Portland, OR for defendants.

## OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the motion of the defendant, Hazel R. O'Leary, for summary judgment (#24).

## BACKGROUND

The plaintiff, Peter O. Castner, filed this action for employment discrimination alleging that he was subjected to age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

## UNDISPUTED FACTS

Peter O. Castner, an employee with the United States Department of Veterans Affairs, applied for employment with the Bonneville Power Administration (BPA) as a Realty Specialist.

Castner's application, along with forty-one other applications, was referred to John Cowger, Chief of the Land Branch Section of the BPA. Cowger was the "selecting offi-

cial," i.e. the person who made hiring decisions.

At the time that Castner applied for employment with the BPA, the BPA was not hiring anyone from outside the BPA without the specific approval of Steven Hickok, the Executive Assistant Administrator, who had sent around a memorandum on April 14, 1992 which provided: "For the balance of FY 92, no selecting official may select from outside BPA without my specific written approval, which will only be granted in cases where it is conclusively demonstrated that no inside candidate is highly qualified for the position." Exhibit 3 to Declaration of Herbert C. Sundby in Support of Memorandum in Support of Defendant Hazel O'Leary's Motion for Summary Judgment.

On September 30, 1992, Hickok extended the "hiring freeze" into fiscal year 1993 or until further notice.

Because of the hiring freeze, all of the applicants for jobs, including Castner, who were not employed by the BPA, were eliminated from consideration.

A six-member review panel, which included Cowger, then rated the remaining applicants (excluding those who were unwilling to meet the job's travel requirements). The six applicants with the highest ratings were then interviewed. All six were women.

Two of the women were hired. One woman was forty-nine years of age. The other woman was fifty-five years of age. At the time of their selection, both women were employed by the BPA. Castner was not hired.

Castner filed the required administrative complaints, and at his request, a hearing was held before an Administrative Law Judge (ALJ) on April 5, 1994. On June 7, 1994, the ALJ issued a decision in which he recommends a finding that there was no discrimination on the basis of sex or age. Castner appealed this recommendation and has exhausted his administrative remedies.

## CONTENTIONS OF THE PARTIES

The defendant, Hazel R. O'Leary, the director of the United States Department of Energy, contends that there is no legitimate dispute regarding material facts at issue, and that judgment should be entered in her favor as a matter of law. O'Leary contends that the evidence in this record shows that Castner was not hired because he was not employed by the BPA, and therefore he was ineligible for consideration.

Castner contends that the alleged Reduction In Force was used as a pretext to enable the BPA to engage in discriminatory hiring practices.

## ANALYSIS

In order to prevail, Castner must prove that the BPA intentionally discriminated against him because of his sex and/or age. *See United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983). The court applies a three-step analysis in determining a claim of discriminatory treatment. First, Castner must establish a prima facie case of discriminatory treatment. Second, the burden shifts to the BPA to articulate legitimate, non-discriminatory reasons for the adverse employment action. Finally, Castner must establish that the reasons stated by the BPA for not hiring him were not the true reasons, but were a mere pretext for not hiring him. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981).

Assuming that Castner can establish a prima facie case of intentional discrimination, the record in this case shows that the BPA has come forth with legitimate, non-discriminatory reasons for not hiring Castner. At the time in question, the agency was limited to hiring persons already employed by the BPA, and Castner was not employed by the BPA at the time that he submitted his application for employment. This hiring freeze was a legitimate, non-discriminatory reason for failing to hire Castner.

While Castner states in his memorandum in opposition to the motion for summary judgment that the hiring freeze was a pre-

text for the agency to engage in unlawful discriminatory hiring practices, there is no direct or circumstantial evidence in the record to support this claim. This court is cognizant of the fact that an unlawful discriminatory motive can be difficult to prove; however, where an agency hiring freeze is documented in writing, some minimal evidence that the hiring freeze is a pretext must exist in order for the court to set aside this strong evidence of non-discrimination and go forward with a trial.

## CONCLUSION

The motion of the defendant, Hazel R. O'Leary, for summary judgment (#24) is GRANTED.

IT IS SO ORDERED.